UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMAL SNEED, Plaintiff, v. NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, Defendants. | Case No. 3:25-cv-00583-MMD-CLB<br>ORDER |

*Pro se* Plaintiff Jamal Sneed, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint under 42 U.S.C. § 1983 ("Complaint"), and has filed an application to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 1-1.) The Court now grants the IFP application and screens Plaintiff's Complaint under 28 U.S.C. § 1915A.

**I. SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide

the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

In his Complaint, Plaintiff sues multiple Defendants for events that took place while Plaintiff was incarcerated at Northern Nevada Correctional Center. (ECF No. 1-1 at 1.) Plaintiff sues Defendants NDOC, NDOC Director James Dzurenda, Correctional Officer Trainee McKnight, Lt. David Tolotti, and Warden John Henley. (*Id.* at 1-2.) Plaintiff brings one claim and seeks monetary damages. (*Id.* at 3, 6.)

Plaintiff alleges the following. On May 4, 2025, while Plaintiff was on suicide watch, McKnight ordered Plaintiff to go to the back of his cell. (*Id.* at 2-3.) Plaintiff complied and then "quickly uncovered the back camera" at the back of his cell. (*Id.* at 3.) After Plaintiff complied, McKnight opened the food slot and threw Plaintiff's food into the cell on the ground. (*Id.*)

At the end of May, Plaintiff submitted an emergency grievance requesting video footage "forever salvaged." (*Id.* at 2.) Sgt. Day responded that an incident report had been

written.[1] (*Id.*) Upon further investigation, Plaintiff found that McKnight had received punitive action for the incident. (*Id.*)

A month later, Plaintiff wrote to Senior Correctional Officer Frank who wrote an emergency grievance for Plaintiff stating that Plaintiff wanted the "video footage forever salvaged as well as documented" and wanted an investigation. (*Id.* at 3.)

On September 25, 2025, Plaintiff submitted a DOC 3012 to Warden Henley about the incident of misconduct. (*Id.*) Henley struck out his name and put "operations." (*Id.*) Lt. Tolotti responded, "Noted, not confirmed. If only the cell camera had been available . . . At this time there is nothing . . . to [corroborate] your allegation due to unauthorized covering of a security camera designed and located in cell for your safety." (*Id.*) Plaintiff claims his camera was uncovered. (*Id.*) Plaintiff brings an Eighth Amendment claim for "threat to safety." (*Id.* at 3.)

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on prison officials to take reasonable measures to guarantee the safety of inmates and to ensure that inmates receive adequate food, clothing, shelter, and medical care. *See Farmer*, 511 U.S. at 832.

To establish violations of these duties, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety. *See id.* at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which

---

[1] Plaintiff attaches an exhibit to his Complaint demonstrating that McKnight filed a notice of charges against Plaintiff for failing to follow rules and regulations. (ECF No. 1-1 at 7.) In the notice of charges, McKnight reports that Plaintiff charged the food slot and captured the food slot while she was serving food. (*Id.*) The notice of charges states that Plaintiff was unable to sign the notice because he was in suicide watch. (*Id.*)

the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id*. at 837. Prison officials may not escape liability because they cannot, or did not, identify the specific source of the risk; the serious threat can be one to which all prisoners are exposed. *See id*. at 843.

The Court finds that Plaintiff fails to state any colorable Eighth Amendment claims based on his allegations. Plaintiff cannot state a claim for threat to safety or unsafe prison conditions based on the allegations that McKnight threw his food on the ground once. The Court dismisses this claim with prejudice as amendment would be futile.

## III. CONCLUSION

It is therefore ordered that Plaintiff's IFP application (ECF No. 1) is granted. Under 28 U.S.C. § 1915, the full filing fee will still be due even though this action is dismissed and is otherwise unsuccessful.

It is further ordered that, under 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of Jamal Sneed, #1058430 to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this Order to the Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

///

///

///

///

///

///

///

///

It is further ordered that the Complaint (ECF No. 1-1) is dismissed in its entirety with prejudice as amendment would be futile and for failure to state a claim.

The Clerk of the Court is directed to: (a) file the Complaint (ECF No. 1-1), (b) enter judgment accordingly, and (c) close the case.

It is further ordered that the Court certifies that any IFP appeal from this Order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

DATED THIS 19th Day of August 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE